# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-Z Living LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>A10 Capital LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:21-cv-1270 W (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL [DOC. 10]** |

　　　　Pending before the Court is Plaintiff E-Z Living LLC's Motion to Disqualify Defendants' Counsel. (*Mot.* [Doc. 10].) Plaintiff also seeks a protective order suspending discovery until the Motion is decided. (*Id.*) Defendants oppose the Motion and request sanctions against Plaintiff's counsel. (*Opp'n* [Doc. 11].) The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's Motion [Doc. 10] and **DENIES** Defendants' request for sanctions.

**I.　BACKGROUND**

　　　　In November 2018, Plaintiff applied for a mortgage loan from Defendants in the amount of $3,100,000 for a property located in Las Vegas, Nevada. (*Compl.* [Doc. 1] ¶ 15; *Mot.* at 9.) The Parties executed the loan agreement on December 21, 2018. (*Compl.*

1

1  ¶ 28.) According to Plaintiff, Defendants did not explain the true extent of the
2  "prepayment penalty" term and security deposit payment. (*Id.* ¶¶ 17, 39-40.) "Had
3  Plaintiff known the true facts, namely that the prepayment penalty was more than 33
4  percent of the total loan and that he would not be reimbursed for the $165,000.00 he
5  deposited with Defendants, Plaintiff would not have entered into the Agreement." (*Id.* ¶
6  39.)
7       Now Plaintiff moves to disqualify Defendants' counsel, Perkins Coie, on grounds
8  that attorneys from Perkins Coie, and Ms. Liana Spendlove in particular will be "key
9  witnesses at trial because of their direct involvement in multiple aspects of the Plaintiff's
10 Loan Application, Loan Lender Due Diligence, Loan Underwriting and Loan Approval
11 process." (*Mot.* at 26.)

## II.  LEGAL STANDARD

Federal courts apply state law in determining matters of attorney disqualification. In re Cnty. Of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000). "A trial court's authority to disqualify an attorney derives from the power inherent in every court to control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto. Disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." Kennedy v. Eldridge, 201 Cal. App. 4th 1197, 1204 (2011) (quotations and citations omitted; cleaned up). However, disqualifying counsel is "a drastic measure which courts should hesitate to impose except in circumstances of absolute necessity." Kelly v. Roker, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012) (citation omitted). Because disqualification motions "are often tactically motivated," the moving party "carries a heavy burden and must satisfy a high standard of proof." Id. (citation omitted). And "[b]ecause of the potential for abuse, disqualification

motions should be subjected to a particularly strict judicial scrutiny." Id. (citation omitted).

### III. ANALYSIS

Plaintiff moves to disqualify Defendants' counsel under California Rule of Professional Conduct ("CRPC") 3.7, also known as the advocate-witness rule. CRPC 3.7 provides:

> (a) A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:
>
> (1) the lawyer's testimony relates to an uncontested issue or matter;
> (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
> (3) the lawyer has obtained informed written consent from the client.
> [].
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 1.7 or rule 1.9.

Plaintiff argues that Defendants' counsel should be disqualified because it intends to call Ms. Spendlove and other attorneys from Perkins Coie as fact witnesses concerning the mortgage loan process and negotiations. (*Mot.* at 25-26.) However, under the plain language of CRPC 3.7(b), which Plaintiff inexcusably omits in its moving papers, Perkins Coie may still advocate for Defendants at trial even if other attorneys from the firm are "likely to be called as a witness." Ms. Spendlove is a transactional attorney for Perkins Coie and is not involved in the litigation between the parties. (*Opp'n* at 4; *Decl. of Liana Spendlove* [Doc. 11] ¶ 9.) Accordingly, the advocate-witness rule does not bar Perkins Coie from representing Defendants in this action.

For the first time on Reply, Plaintiff argues that Defendants' counsel should be disqualified under CRPC 1.7 and 1.9 because it owes Plaintiff fiduciary duties, including

the duties of loyalty and confidentiality.  (*Reply* [Doc. 12] at 4.)  But this argument is procedurally and substantively flawed.

First, the Court does not even need to consider whether Defendants' counsel owes Plaintiff any duties because Plaintiff never raised this issue in its moving papers.  See Bazuaye v. I.N.S., 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.") (citation omitted); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Second, even assuming this argument is properly before the Court, Plaintiff fails to establish that Defendants' counsel owes it any fiduciary duties.  Plaintiff argues that "it believed at all times" that Spendlove and Perkins Coie were each working in "Plaintiff's best interest" during the mortgage loan process and so "owed, and may still owe, a fiduciary duty to the Plaintiff." (*Reply* at 5, 7.)  But even if Spendlove and Perkins Coie were working in Plaintiff's best interest during the loan process, it does not mean they formed an attorney-client relationship with Plaintiff or owe Plaintiff any fiduciary duties.

"To state the obvious, an attorney's duty to his or her client depends on the existence of an attorney-client relationship. If that relationship does not exist, the fiduciary duty to a client does not arise." Fox v. Pollack, 181 Cal. App. 3d 954, 959 (1986) (citation omitted).  "Except for those situations where an attorney is appointed by the court, the attorney-client relationship is created by some form of contract, express or implied, formal or informal." Id.  The subjective beliefs of parties alleging an attorney-client relationship, "unless reasonably induced by representations or conduct of [the attorney], are not sufficient to create the attorney-client relationship; they cannot establish it unilaterally." Id.

Here, each Party had its own legal counsel during the loan process and negotiations; Plaintiff did not retain or hire Defendants' counsel; Plaintiff knew Defendants' counsel represented Defendant; it did not pay Defendants' counsel for its services; and any arguable legal advice given to Plaintiff by Defendants' counsel was

done through Plaintiff's counsel and for the explicit purpose of finalizing the transaction between the Parties.  (*Reply* at 4; *Mot.* at 18; *Decl. of F. Bari Nejadpour* [Doc. 10] Exs. 2-8.)  Indeed, there is no evidence that Defendants' counsel ever discussed or emailed anything directly to Plaintiff without Plaintiff's attorney present or included in the email. (*Id*.)  Therefore, there are no facts permitting the Court to reasonably infer that Defendants' counsel formed an attorney-client relationship with Plaintiff during the Parties' mortgage loan process and negotiations.  See, e.g., Fox, 181 Cal. App. 3d at 958-59.  And because there is no attorney-client relationship, Defendants' counsel does not owe Plaintiff any fiduciary duties.

Lastly, Defendants seek sanctions under 28 U.S.C. Section 1927 on grounds that Plaintiff's motion "is meritless, brought solely for tactical reasons, and brought in bad faith." (*Opp'n* at 12.)  There is no question that Plaintiff should have addressed CRPC 3.7(b) in its moving papers.  But given that there have been no similar incidents in this litigation in the past, the Court declines to sanction Plaintiff's counsel.

## IV.    CONCLUSION & ORDER

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Disqualify Defendants' Counsel [Doc. 10] and **DENIES** Defendants' request for sanctions [Doc. 11].  Plaintiff's request for a protective order suspending discovery until the Motion is decided is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  April 6, 2022

Hon. Thomas J. Whelan
United States District Judge