# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-Z LIVING LLC, a state of California Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>A10 CAPITAL, LLC, et al,<br><br>        Defendants. | Case No.:  3:21-cv-1270 W (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DOC. 15]** |

Pending before the Court is Plaintiff E-Z Living LLC's Motion for Leave to File a First Amended Complaint.  (*Mot.* [Doc. 15].)  Defendants A10 Capital, LLC, A10 Capital Holding Company, LLC, A10 Permanent Asset Financing 2017-II, and A10 Reit Holdings, LLC (collectively, "Defendants") oppose the Motion.  (*Opp'n* [Doc. 17].)  The Court decides the matter on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, Plaintiff's Motion [Doc. 15] is **DENIED**.

I. <u>BACKGROUND</u>

The deadline to amend pleadings in this case was January 25, 2022.  (*Sched. Order* [Doc. 7] at 1.)  On April 21, 2022, Plaintiff filed the current Motion for Leave to File a

First Amended Complaint, seeking to add claims for financial elder abuse, undue influence, and breach of contract. (*See generally Mot.*)  Defendants oppose.

## II. <u>LEGAL STANDARD</u>

Ordinarily, Federal Rule of Civil Procedure ("Rule") 15(a) governs motions for leave to amend the complaint.  Courts consider five factors when determining the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004).  Leave should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

However, once the court-ordered deadline for amending the pleadings has passed, Rule 16 governs.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-608 (9th Cir. 1992).  Rule 16 requires a party to establish "good cause."  Fed. R. Civ. P. 16(b)(4).  Once good cause is established, the party must then demonstrate that amendment is proper under Rule 15.  <u>Johnson</u>, 975 F.2d at 608 (citations omitted).  The "good cause standard primarily considers the diligence of the party seeking the amendment."  <u>Id</u> at 609.  "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'"  <u>In re W. States Natural Gas Antitrust Litig.</u>, 715 F.3d 716, 737 (9th Cir. 2013) (quoting <u>id</u>).

## III. <u>DISCUSSION</u>

Plaintiff seeks leave to file a first amended complaint so he can add three new claims for relief: financial elder abuse, undue influence, and breach of contract. (*Mot.*)  However, the deadline to amend the pleadings already passed on January 25, 2022. (*Sched. Order* at 1.)  Under Rule 16, "the scheduling order 'control[s] the subsequent course of the action' unless modified by the court."  <u>Johnson</u>, 975 F.2d at 608 (quoting Rule 16).  Once the deadline to amend the pleadings has passed, a party must seek leave to modify the

2

scheduling order before requesting leave to amend the pleadings. Id. In fact, a court may deny a motion to amend the pleadings where the plaintiff failed to first move to amend the scheduling order. See, e.g., id. at 608-09.

Here, Plaintiff did not move to amend the Scheduling Order before seeking leave to amend his Complaint. Therefore, his Motion for Leave to File a First Amended Complaint is **DENIED**.

Nevertheless, even if the Court considers Plaintiff's current Motion as a de facto motion to amend the Scheduling Order (see id. at 609), Plaintiff still fails to satisfy Rule 16's "good cause" standard. As noted above, the main inquiry in assessing good cause under Rule 16 is the plaintiff's diligence. Johnson, 975 F.2d at 609; In re W. States, 715 F.3d at 737. If the plaintiff "was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.

Plaintiff does not address Rule 16 or the extent of his diligence in his briefing. Instead, Plaintiff only discusses the factors applicable to *Rule 15*—bad faith, undue delay, prejudice, and futility. (*See generally Reply* [Doc. 18]).[1] The closest Plaintiff gets to explaining his diligence is through his section on "undue delay" in the Reply. (*See Reply* at 7-8.) According to Plaintiff, "the delay in filing this Motion was clearly caused by the Defendants [sic] own delays in producing the discovery documents in a timely manner." (*Id.* at 8.) But even assuming that is true, it does not mean Plaintiff was diligent in filing this motion. For example, in Felarca v. Birgeneau, the court denied leave to amend because the plaintiffs had previous access to the facts underlying their proposed amendment and "offer[ed] no plausible reason why they could not have made the allegations sooner." 2014 WL 7140262, at *9 (N.D. Cal. Dec. 12, 2014). ("[A]lthough plaintiffs contend that defendants' late disclosures caused their delay, the proposed new allegations concerning

---

[1] Plaintiff only discussed the prejudice factor in his opening brief and saved his arguments for the remaining factors for his Reply. Plaintiff should be mindful that arguments not raised by a party in an opening brief are waived. See, e.g., Zango, Inc. v. Kaspersky Lab, Inc., 568 F.3d 1169, 1177 n.8 (9th Cir. 2009).

3

the First Amendment claim are not tied to any matter discovered in these alleged late-produced documents."); see also Mortgage Indus. Solutions, Inc. v. Collabera, Inc., 2013 WL 440644, at *3 (C.D. Cal. Feb. 4, 2013) ("Leave to amend is often denied, where, as here, a plaintiff had knowledge of the relevant facts and theory of the case long before a plaintiff sought leave to amend.").

Likewise, here, there is no question Plaintiff knew or at the very least had access to the underlying facts and emails since 2018. (*Opp'n* at 8-14; *Reply* at 5-6.) Plaintiff counters that many of those emails and communications between the Parties were "long since deleted or lost between 2018 and the filing of this lawsuit in 2021." (*Reply* at 5.) But that does not negate the fact that Plaintiff had knowledge of the relevant facts long before he sought leave to amend. See, e.g., Mortgage Indus., 2013 WL 440644, at *3.

For instance, Plaintiff seeks to add a claim for breach of contract. (*Mot.* at 13-14.) In his Proposed First Amended Complaint ("FAC") [Doc. 15-1], Plaintiff alleges:

> DEFENDANTS breached the contract *by the acts and/or omissions set forth above in PLAINTIFF'S First Cause of Action for Fraud and Deceit and Fourth Cause of Action for Breach of Fiduciary Duty*. Such acts and/or omissions include but are not limited to failing to disclose and/or concealing a material fact to the PLAINTIFF before the parties signed the LOAN AGREEMENT. Furthermore, DEFENDANTS misrepresented the restrictions involved with the $165,000.00 deposit made by PLAINTIFF.

(*Proposed FAC* at 43:14-22) (emphasis added). In other words, Plaintiff's proposed breach of contract claim relies on the same facts as his fraud and breach of fiduciary duty claims—two of the five claims brought in the original Complaint. This shows that Plaintiff knew these facts since at least the time he filed the original Complaint.

Further, Plaintiff seeks to add claims for undue influence and financial elder abuse. (*Mot.* at 5-12.) But like his proposed breach of contract claim, Plaintiff relies on almost the same underlying facts as his initial claims for fraud and breach of fiduciary duty. The only difference is that Plaintiff now seeks to add the allegation that Defendants took advantage of his age. (*Proposed FAC* at 31, 35.) But surely Plaintiff was aware of its sole managing member's age at the time of the loan

4

agreement. It did not need Defendants' document production to convey this information.

Instead, Plaintiff's proposed amended complaint was simply brought to assert new theories based on previously-known facts—a strategy not viewed favorably by the courts. See Royal Ins. Co. of America v. Sw. Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quoting Acri v. Int'l Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)); see also Stein v. United Artists Corp., 691 F.2d 885, 898 (9th Cir. 1982) (affirming district court's denial of leave to amend where the plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally, and the amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts.").

Thus, having failed to establish diligence, Plaintiff's de facto motion to amend the Scheduling Order is also **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a First Amended Complaint [Doc. 15].

**IT IS SO ORDERED.**

Dated: June 9, 2022

Hon. Thomas J. Whelan
United States District Judge