UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-Z Living LLC,<br><br>   Plaintiff,<br><br>v.<br><br>A10 Capital, LLC, A10 Capital Holding Company, LLC, A10 Permanent Asset Financing 2017-II, LLC, A10 Reit Holdings, LLC, AND DOES 1-20<br><br>   Defendants. | Case No.:   21cv1270-W(BLM)<br><br>**ORDER STAYING PRETRIAL DEADLINES** |

On May 27, 2022, the parties filed a Joint Motion for Limited Extension of Fact Discovery Deadline to Conduct Two Depositions and to Substitute Plaintiff Entity. ECF No. 19.  The parties sought to continue the May 24, 2022 fact discovery deadline to June 30, 2022 for the limited purpose of deposing Messrs. Mike Fahr and Burt Dezendorf.  Id. at 2-3.

On May 31, 2022, the Court granted the motion and ordered that "[f]act discovery will close at 11:59 p.m. on June 30, 2022 to allow the parties to complete the depositions of Messrs. Mike Fahr and Burt Dezendorf.  No other fact discovery is permitted during this time." ECF No. 20 (emphasis omitted).

On June 10, 2022, counsel for both parties emailed the Court, copying each other, setting forth their ongoing dispute regarding the timing of the remaining depositions. ECF No. 22.  That same day, the Court ordered counsel to work together to finalize the remaining depositions and

to file a joint notice setting forth the dates and times for the remaining depositions by June 14, 2022. Id. The Court noted that "if counsel are unable to agree on any date, the joint document must include each lawyer's position regarding the proposed date(s)." Id.

On June 14, 2022, the parties filed a Joint Notice and Request Regarding Deposition Dates. ECF No. 23. The parties stated that instead of providing availability for the 30(b)(6) deposition on June 28, 2022, Plaintiff's counsel emailed defense counsel on June 13, 2022 "with an offer for a stipulated dismissal of this Action, without prejudice, with a payment of $100,000 for Defendants' attorneys' fees" in part because "the managing member of E-Z Living LLC, Tony Baihaghy, who would be the 30(b)(6) witness, 'can no longer proceed with this case due to personal health issues.'" Id. at 2-3. Defendant rejected the offer and, therefore, the parties sought an order from the Court "extend[ing] the fact discovery deadline for an additional two (2) weeks—until July 14—so Plaintiff's counsel may either (a) prepare and provide dates and times for the deposition of an alternative 30(b)(6) witness or (b) allow time for Mr. Baihaghy's health to improve." Id. at 3. The Court granted the parties' request on June 15, 2022 and ordered that fact discovery will close at 11:59 p.m. on July 14, 2022 to allow the parties to complete the 30(b)(6) witness deposition and the depositions of Messrs. Mike Fahr and Burt Dezendorf. ECF No. 24 (emphasis omitted). The Court noted that if the parties were unable to agree on a date for the deposition of Plaintiff's 30(b)(6) witness, the deposition would occur on July 12, 2022 at 10:00 a.m. Id. at 2.

On June 16, 2022, Plaintiff filed an *Ex Parte* Motion to Dismiss the Complaint Without Prejudice. ECF No. 25. Defendants opposed the motion on June 21, 2022 and requested that the Court

> (1) deny Plaintiff's ex parte application as procedurally and substantively defective; (2) in the alternative, deny Plaintiff's request for voluntary dismissal entirely; or (3) in the alternative, grant voluntary dismissal without *prejudice on the conditions that: (a) Plaintiff pay Defendants' attorneys' fees and costs in the amount of $400,000; (b) Plaintiff be required to refile any subsequent action in the same district court; and (c) all discovery collected so far in this litigation must be available in any subsequent action*.

ECF No. 27 (emphasis in original). On June 22, 2022, the Court issued an Order Denying

Plaintiff's *Ex Parte* Application to Dismiss the Complaint Without Prejudice and ordered Plaintiff to file a regularly noticed motion by June 30, 2022.  ECF No. 28.

On June 23, 2022, defense counsel emailed the Court explaining various discovery disputes that remain between the parties and requesting that

> (1) the fact discovery deadlines be extended until a time well after Plaintiff's motion to enter dismissal is decided or else that (2) the Court fast-track the above-described discovery disputes for decision so they can be resolved before the current deadlines the Court has set.

Letter Dated June 23, 2022 from Ronald A. McIntire.  Plaintiff's counsel responded to the letter by stating that Plaintiff agrees with Defendants that "the fact discovery deadlines should be extended until a time well after Plaintiff's motion to enter dismissal is decided is the best option for all parties."  June 24, 2022 email Instructed/Directed by F. Bari Nejadpour from Steve Muehler, Senior Paralegal.

After considering the status of the case and the input from counsel, the Court finds it appropriate to stay the remaining pretrial deadlines regulating discovery and other pretrial proceedings [see ECF Nos. 7, 24] pending a ruling on the soon-to-be-filed motion to dismiss the complaint.  The parties are ordered to contact Judge Major's Chambers within three (3) days of Judge Whelan's order on the soon-to-be-filed motion so that the Court may reset the remaining deadlines if necessary.

**IT IS SO ORDERED**.

Dated:  6/24/2022

Hon. Barbara L. Major
United States Magistrate Judge