1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16

CHEYENNE LV CAPITAL, LLC, a state
of Nevada Limited Liability Company,

                                    Plaintiff,

v.

A10 CAPITAL, LLC, et al,

                                    Defendants.

Case No.:  3:21-cv-1270 W (BLM)

**ORDER DENYING PLAINTIFF'S
MOTION TO VOLUNTARILY
DISMISS THE COMPLAINT
WITHOUT PREJUDICE [DOC. 30]**

17
18
19
20
21
22
23

        Pending before the Court is Plaintiff Cheyenne LV Capital, LLC's motion to voluntarily dismiss the complaint without prejudice.  (*Mot.* [Doc. 30].)  Defendants A10 Capital, LLC, A10 Capital Holding Company, LLC, A10 Permanent Asset Financing 2017-II, and A10 Reit Holdings, LLC (collectively, "Defendants") oppose the Motion.  (*Opp'n* [Doc. 31].)  The Court decides the matter on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

24
25
26
27
28

        Plaintiff seeks leave to dismiss this case without prejudice due to the advanced age and health concerns of the sole managing member of the Plaintiff.  (*Mot.* at 7.)  Plaintiff cannot dismiss the case on its own without a court order under Federal Rule of Civil Procedure 41(a)(1) because Defendants already served an answer to the complaint [Doc.

2] and there is no stipulation of dismissal signed by the Parties.  Accordingly, Plaintiff seeks leave under Rule 41(a)(2).[1]

Defendants argue that dismissal should not be granted because it would reward Plaintiff's gamesmanship and unfairly prejudice Defendants.  (*Opp'n* at 7.)  Specifically, Defendants argue that because the contract at issue contains an attorney fee provision, dismissal without prejudice could impair Defendants' right to recover these fees.  (*Id.* at 9.)  "That is because dismissal without prejudice does not alter the legal relationship of the parties for purposes of determining a prevailing party."  (*Id.* at 11-12.)  Defendants also argue that dismissal without prejudice would impair their ability to seek critical discovery for its defense.  (*Id.* at 12.)

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may, pursuant to court order and subject to any terms and conditions the court deems proper, dismiss an action without prejudice at any time.  See Westlands Water Dist. v. U.S., 100 F.3d 94, 96 (9th Cir. 1996).  "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."  Id.; see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994).

"Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation."  Westlands, 100 F.3d at 97 ("[L]egal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument."); see also Abbey Dental Ctr. v. Consumer Op., LLC, 782 Fed. Appx. 618, 619 (9th Cir. 2019).  Defendants suffer legal prejudice if dismissal without prejudice precludes them from seeking attorney's fees as a prevailing party.  U.S. v. Ito, 472 F. Appx. 841, 842 (9th Cir. 2012); Willis v. Scorpio Music (Black

---

[1] Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

2

Scorpio) S.A., 2017 WL 11680862, at *1 (S.D. Cal. April 21, 2017); GDS Indus., Inc. v. Great American Ins. Co., 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016).

Here, it is not entirely clear whether Defendants will be precluded from seeking attorneys' fees if the case is dismissed without prejudice. That is because Defendants hold that the contract is governed by Nevada substantive law and unlike California law, Nevada allows a party to recover fees pursuant to a contract provision even if there is no "prevailing party." (Opp'n at 11-12; see also Nev. Rev. Stat. § 18.010(1); Rowland v. Lepire, 99 Nev. 308, 315-16 (1983)). In other words, even if the case is dismissed without prejudice, Defendants can still arguably move for contractual fees even though they are not technically prevailing parties. However, Plaintiff ignores this Nevada law wrinkle in its briefing and argues that Defendants cannot recover fees if the case is dismissed without prejudice:

> Finally, under California Law, in contract actions, like this case, there is no "prevailing" party when the action is voluntarily dismissed. See California Civil Code § 1717(b)(2). Thus, a voluntary dismissal entered at any stage of a contract action (even one during trial) prevents a fee award. See Santisas v. Goodin (1998) 17 Cal. 4th 599, 613.

(Reply [Doc. 32] at 13.)

Given Plaintiff's position that a voluntary dismissal "prevents a fee award," Defendants will suffer legal prejudice if the case is dismissed without prejudice. See Ito, 472 F. Appx. at 842. Therefore, Plaintiff's motion to voluntarily dismiss the complaint without prejudice is **DENIED**. Any dismissal by Plaintiff must be with prejudice.

**IT IS SO ORDERED.**

Dated: July 21, 2022

Hon. Thomas J. Whelan
United States District Judge

3